# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *
WILLIAM LANCE FERGUSON,           *
                                  *       No. 16-939V
            Petitioner,           *       Special Master Christian J. Moran
                                  *
v.                                *
                                  *       Filed: July 12, 2018
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *       Attorneys' fees and costs
                                  *
            Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * * *

<u>William E. Cochran, Jr.</u>, Black McLaren, et. al., PC, Memphis, TN, for Petitioner;
<u>Traci R. Patton</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

William Lance Ferguson prevailed in his claim brought in the National Childhood Vaccine Compensation Program. He is now seeking an award for attorneys' fees and costs. He is awarded **$44,448.02**. The basis for the award and reasons for reductions are listed below.

\*     \*     \*

On August 4, 2016, William Lance Ferguson, filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 *et seq.*, for injuries sustained from a seasonal influenza vaccination administered on October 12, 2013. Petitioner alleges that the vaccination caused him to suffer Guillain-Barre Syndrome. Petitioner further alleges that he suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition. The parties submitted a joint stipulation that was incorporated by a decision awarding compensation. <u>Decision</u>, 2017 WL 4928162 (Oct. 6, 2017).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On February 14, 2018, petitioner filed a motion for an award of attorneys' fees and costs. The motion seeks a total of $58,572.50, comprised of $53,700.00 in attorneys' fees and $4,872.50 in attorneys' costs. ECF No. 36 at 1. In compliance with General Order No. 9, petitioner filed a sworn statement indicating that he did not incur any costs personally. Id., exhibit 3.

On February 28, 2018, Respondent filed a response to petitioner's motion. ECF No. 37. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Id at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

Petitioner did not file a reply.

\* \* \*

Because Mr. Ferguson received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e).

## I. Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

### A. Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests compensation for three attorneys, William E. Cochran, Michael G. McLaren, and Chris J. Webb, as well as paralegals and law clerks. The undersigned previously found local rates to be more appropriate for the attorneys and staff of Black McLaren, et al.,PC as they are located in Memphis, TN, where the cost of living was found to be significantly less

than that of the Washington, D.C. area.  E.S. v. Sec'y of Health & Human Servs., No. 15-1222V, 2017 WL 2417770, (Fed. Cl. Spec. Mstr. May 12, 2017).  Both Mr. Cochran and Mr. McLaren's rates were reduced from the forum rates to local rates more appropriate for the Memphis, TN area.  Those same rates shall be awarded herein.  Mr. Cochran is awarded $272 per hour for work performed in 2015 and $277 per hour for work performed in 2016.  An increase for Mr. Cochran, based on the Producer Price Index for the "Office of Lawyers" (PPI-OL) is $286 for work performed in 2017 and $296 for work performed in 2018.[2]  In regards to Mr. McLaren, he is awarded $320 per hour for work performed in 2016.  An increase for Mr. McLaren, based on the PPI-OL is $326 per hour for work performed in 2017 and $337 for work performed in 2018.  This results in a **reduction of attorney fees requested in the amount of $8,293.20.**

Another attorney, Mr. Chris Webb, billed minimal time worked on this case.  Mr. Webb's contributions to the case consist of assisting, developing strategies, reviewing and discussing the case with co-counsel.[3]  In submitting an application based on the timesheets, a petitioner's attorney is expected to exercise "billing judgement." Saxton, 3 F. 3d at 1521 (Fed. Cir. 1993).  In regards to work performed by Mr. Webb "Petitioners have not demonstrated that Mr. Webb's expertise in case valuation differs in any meaningful way from Mr. Cochran's experience" E.S., 2017 WL 2417770, at *2.  As a result the undersigned eliminates time billed by Mr. Webb, **resulting in a reduction of $720.50**.[4]

Two paralegals and two law clerks assisted Mr. Cochran and Mr. McLaren.  As in E.S., local rates for Memphis, TN, will be applied. Paralegals were previously awarded the rate of $105 for work performed in 2015 and will be awarded herein.  No work was billed by a paralegal in 2016 – 2018.  In Hoehner v. Sec'y of Health and Human Services, No. 14-637V, 2016 WL 7048793 (Fed. Cl. Spec. Mstr. Nov. 7, 2016), the rate for law clerks used "the $85 per hour rate from *Heath*, multiplied by the 3.7 percent growth factor, yielding $105 per hour" Id. n.16.  That same 3.7 percent increase will be used here, resulting in the following rates for law clerks; $105 per hour for work performed in 2015; $107 for work performed in 2016; $111 per hour for work

---

[2] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for years 2015-18 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  See also McCulloch v. Sec'y Health & Human Servs., 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[3] Examples of entries by attorney Chris Webb include; December 5 2016, (0.40 hrs) "Develop strategies and plan of action regarding settlement and value of case and whether we need a life care planner."; February 3, 2017 (0.20 hrs) "Confer with William E. Cochran regarding life care planner."; July 25, 2017, (0.40 hrs) "Discussion with William E. Cochran to develop strategy and plan of action regarding settlement offer on table and how to respond." ; and July 31, 2017 (0.20 hrs) "Review and discuss settlement offer".  Pet. Mot. For Atty Fees, Ex. 2 at 19, 23, 30 & 31.

[4] This amount consist of 0.40 hours billed at a rate of $305 per hour and 1.90 hours billed at a rate of $315 per hour.

performed in 2017 and $115 per hour for work performed in 2018. This results in a **reduction of fee for paralegals and law clerks in the amount of $3,905.80**.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

#### i. Administrative Time

The undersigned finds it reasonable to reduce petitioners' fees award due to the excessive amount of administrative work billed. Over 7 hours from 2015 – 2018 was billed for administrative tasks such as scanning documents, making copies, faxing, mailing, and internally distributing invoices for payment.[5] Pet. Mot. For Atty Fees, Ex. 2. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services…should be considered as normal overhead office costs included within the attorney's fee rates"). As these tasks are considered clerical, administrative overhead, the undersigned **reduces the fee application in the amount of $798.00**.

#### ii. Excessive and Block Billing

In addition to reducing petitioner's fee award for the time counsel billed for administrative tasks, the undersigned also finds that petitioners request for attorneys' fees should be reduced for excessive and block billing. The Vaccine Act provides broad discretion to special masters in determining a reasonable amount of fees and costs. *See* § 15(e)(1). While petitioner is entitled to an award of attorney's fees, the undersigned finds that the total number of hours billed by Mr. Cochran, Mr. McLaren and the law clerks on "developing case strategy and plan(s)" excessive as well as the amount of time internally conversing and discussing the case and directing tasks to one another. Examples of these entries include; December 15, 2015 (0.20

---

[5] These entries include but are not limited to: February 17, 2016; March 7, 2016; March 8, 2016; March 25, 2016; March 28, 2016; April 6, 2016; April 7, 2016; April 11, 2016; April 27, 2016; June 2, 2016; July 14, 2016; July 25, 2016; July 27, 2016; July 28, 2016; August 10, 2016; December 20, 2016; January 3, 2017; January 4, 2017; January 17, 2017; November 7, 2017; and January 4, 2018.

hrs) "Conversation with Samantha regarding merging documents"; July 7, 2016 (0.50 hrs) "Meeting with Will Cochran to discuss petition and strategy going forward"; July 28, 2016 (0.40 hrs) "Correspondence from Samantha Ward regarding Corpus Christi Neurology Invoice; Work in Saving to subfile; review invoice charges; Update provider chart; Copy of invoice to Sherry Fearon for payment"; September 7, 2016 (0.10 hrs) "Talk about the filing on compact disc that we're doing" and April 5, 2017 (0.30 hrs) "Go over status report and office conference regarding status of case." Pet. Mot. For Atty Fees, Ex. 2 at 3, 11, 14, 17 & 26.

The undersigned reduces the total of these hours by 20 percent. This **reduces the overall fee request in the amount of $406.98**.

## II.   Costs

Petitioner requests compensation for costs in the amount of $4,872.50. These costs include medical records, filing fees, travel expenses and postal charges. After review the undersigned finds all costs are reasonable and adequately documented. The undersigned finds no cause to reduce petitioners' request for attorney costs and awards the full amount sought.

## III.   Conclusion

For the reasons set forth above, the undersigned finds that petitioners counsel is entitled to reasonable attorney's fees and costs as computed below:

Attorney Fees**:**

| | |
|---|---|
| Total Requested: | $53.700.00 |
| Less Attorney Rate Adjustment: | ($8,293.20) |
| Less hours billed by Chris J. Webb: | ($720.50) |
| Less Paralegal/Law Clerk Rate Adjustment: | ($3,905.80) |
| Less Administrative Time: | ($798.00) |
| Less Excessive/Duplicative Billing: | ($406.98) |
| Costs Awarded: | + $4,872.50 |
| **Total Attorney's Fees and Costs Awarded:** | **$44,448.02** |

**A lump sum of $44,448.02 in the form of a check made payable to petitioner and petitioner's attorney, William E. Cochran, Jr., for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e).**

Case 1:16-vv-00939-UNJ   Document 41   Filed 08/07/18   Page 6 of 6

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED**.

<div style="text-align: right;">

s/Christian J. Moran
Christian J. Moran
Special Master

</div>

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

6